IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLINT J. MASSENGALE SR., | ) | CASE NO: 1:24-cv-01793 |
| Individually and on behalf of your | ) | |
| minor children JM, JS, CM, and JM | ) | DISTRICT JUDGE J. PHILIP CALABRESE |
| | ) | |
| Plaintiffs, | ) | MAGISTRATE JUDGE |
| | ) | JAMES E. GRIMES JR. |
| v. | ) | |
| | ) | |
| PATRICK J. PERHACS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION OF SOLON POLICE OFFICER DEFENDANTS
## FOR JUDGMENT ON THE PLEADINGS

Pursuant to Fed. R. Civ. P. 12(c), the Solon Police Officer Defendants move the Court for

an Order granting them judgment on the pleadings as a matter of law and dismissing the Complaint.

As set forth in the attached Memorandum in Support, two Probable Cause Determinations

and a Grand Jury Indictment of Plaintiff render his claims defective, deficient, and baseless as a

matter of law.   In addition, his state law claims for false arrest and intentional infliction of

emotional distress are time-barred.

{01794141v3 }

Respectfully submitted,

NICOLA, GUDBRANSON & COOPER, LLC

/s/ Matthew T. Fitzsimmons
Matthew T. Fitzsimmons (0013404)
Michael E. Cicero (0058610)
R. Christopher Yingling (0066551)
Terminal Tower, Suite 2900
50 Public Square
Cleveland, Ohio 44113
Phone: (216) 621-7227
Fax:     (216) 621-3999
Email:  fitzsimmons@nicola.com
           cicero@nicola.com
           yingling@nicola.com

Attorneys for the Solon Police Officer Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLINT J. MASSENGALE SR., | ) | CASE NO: 1:24-cv-01793 |
| Individually and on behalf of your | ) | |
| minor children JM, JS, CM, and JM | ) | DISTRICT JUDGE J. PHILIP CALABRESE |
| | ) | |
| Plaintiffs, | ) | MAGISTRATE JUDGE |
| | ) | JAMES E. GRIMES JR. |
| v. | ) | |
| | ) | |
| PATRICK J. PERHACS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF SOLON POLICE OFFICER DEFENDANTS
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

## I.     STATEMENT OF FACTS

On November 13, 2022, Solon Police Officers responded to a 911 call of a violent domestic incident.  The Solon Police Officers entered an apartment and arrested Plaintiff for Obstructing Official Business and Domestic Violence.  *See*, Answer, Probable Cause Determinations, Exhibit A (Doc. 26-1, PageID # 221) and B (Doc. 26-2, PageID # 223).

The Probable Cause Affidavit for Obstructing Official Business (Doc. 26-1, PageID # 221) provides in pertinent part:

> On 11/13/2022 at approximately 1730 hours, while in the vicinity of 32200 Monroe Court #206B, Solon (Cuyahoga), Ohio, did, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties, to wit:  Clint J. Massengale refused to open the door to his residence after police knocked and announced several times while investigating an active domestic violence event, contrary to the form of a statute 2921.31(A) of the Ohio Revised Code, a Misdemeanor of the Second Degree in such cases made and provided against the peace and dignity of the State of Ohio.

The Probable Cause Affidavit for Domestic Violence (Doc. 26-2, PageID # 223) provides in pertinent part:

> On 11/13/22 at approximately 1730 hours, while in the vicinity of 32200 Monroe Court #206B, Solon (Cuyahoga), Ohio, did, knowingly cause or attempt to cause physical harm to a family or household member, to wit:  Clint J. Massengale did grab and pull his juvenile daughter by the arms up and down a flight of stairs in an aggressive manner, placed her in a choke hold with his arms, threw her to the floor and proceeded to tackle her causing visible injuries to her arms, neck, face, and eye, contrary to the form of a statute 2919.25(A) of the Ohio Revised Code, a Misdemeanor of the First Degree in such cases made and provided against the peace and dignity of the State of Ohio

For each of the above Probable Cause Affidavits, Bedford Municipal Court Magistrate Brian P. Downey found there was probable cause for the arrest at 8:15 pm on November 13, 2022 -- less than three (3) hours after the Solon Police Officer Defendants arrested Plaintiff.

The Cuyahoga County Grand Jury indicted Plaintiff for this violent incident on two third-degree felony counts of Endangering Children (*see*, Answer, Exhibit C, Doc. 26-3, PageID # 225):

> did, to J.S. 12/26/2009, a child under eighteen years of age, 12/26/2009, or a mentally or physically handicapped child under twenty-one years of age, recklessly administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint was excessive under the circumstances and created a substantial risk of serious physical harm to the child.

> *The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

> \*　　　\*　　　\*

> *The grand jurors, on their oaths, further find that the Defendant(s) unlawfully*

> did, to J.S. 12/26/2009, a child under eighteen years of age, 12/26/2009, or a mentally or physically handicapped child under twenty-one years of age, recklessly torture or cruelly abuse the child.

> *The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

Stripped of its rhetorical excesses, Plaintiff's Complaint generically alleges, on its face, claims that his arrest violated his federal constitutional rights against unlawful search and seizure and Fourteenth Amendment Due Process—all in violation of §1983. He also asserts two state law claims for false arrest & intentional infliction of emotional distress arising out of his arrest. Plaintiff purports to assert the intentional infliction of emotional distress claim not only on behalf of himself, but also on behalf of his alleged children—including, oddly, the apparent victim of the alleged attack by Plaintiff. The two state law claims are inextricably intertwined with and derivative of the §1983/Due Process claims. Of great legal significance for purposes of the present Motion, and as noted above, a Bedford Municipal Court Magistrate made a finding of Probable Cause and issued an Arrest Warrant for Plaintiff on two charges (Obstructing Official Business and Domestic Violence), and the Cuyahoga County Grand Jury indicted Plaintiff on two felony counts of Endangering Children.

## II.     ARGUMENT

### A. THE SOLON POLICE OFFICER DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS BECAUSE THE COMPLAINT FAILS TO ALLEGE A PLAUSIBLE CLAIM.

The standard of review for a motion for judgment on the pleading under Fed. R. Civ. P. 12(c) is the same as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Bates v. Green Farms Condominium Assn.*, 958 F.3d 470, 480 (6th Cir. 2020); *Lynn v. Liberty Twp., Ohio*, 2020 WL 1083620, *2 (N.D. Ohio N.D. 2020) (Pearson, J.). A court determining a motion for judgment on the pleadings therefore "must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)." *Id.*

Similar to the review of a Fed. R. Civ. P. 12(b)(6) motion to dismiss, when reviewing a motion for judgment on the pleadings, the court must presume the truth of the factual allegations, and make reasonable inferences in favor of the nonmoving party. *Bates*, 958 F.3d at 480. The court, however, need not accept as true "'a legal conclusion couched as a factual allegation'" *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016), quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. A party's "obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The factual allegations must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *Id*.

To survive the legal challenge presented by a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S. Ct. at 1949, quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*., quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- 'that the pleader is entitled to relief.'" *Id*. at 1950.

In ruling on a motion for judgment on the pleadings, "the court considers all available pleadings." *Turk v. Oiler*, 732 F.Supp.2d 758, 764 (N.D. Ohio 2010); *Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC*, 702 F.Supp.2d 826, 832 (N.D. Ohio 2010). "The court can also consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice." *Id.*; *Dudek*, 702 F.Supp.2d at 832. *Accord*, *Gavitt*, 835 F.3d at 640; *Lynn*, 2020 WL 1083620, *2.

1.  **The Probable Cause Determinations and Grand Jury Indictment Bar Plaintiff's §1983 Fourth Amendment and Due Process Claims as a Matter of Law.**

It is well-settled, under controlling and persuasive precedent, that the aforementioned Probable Cause Determinations and Felony Indictment of Plaintiff render his claims here legally defective, deficient, and baseless. *See*, *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) ("A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff."); *Scott v. City of Bexley*, 11 Fed. App'x 514, 516 (6th Cir. 2001) (§1983 claim fails if probable cause for arrest exists) (quoting *Hansel v. Bisard*, 30 F. Supp. 2d 981, 985-86 (E.D. Mich. 1998); *Pyles v. Raisor*, 60 F. 3d 1211, 1215 (6th Cir. 1995) (no claim for §1983 damages exists where arrest is supported by probable cause). Additionally, a Grand Jury Indictment establishes probable cause sufficient to defeat a §1983 claim. *Accord*, *Bakos v. City of Olmsted Falls*, 73 Fed. Appx. 152 (6th Cir. 2003) and *Higgason v. Stephens*, 288 F.3d 868 (6th Cir. 2002).

"As a matter of procedure, the *Fourth Amendment* prohibits extended pretrial detentions unless a neutral decisionmaker finds that probable cause exists." *Lester v. Roberts*, 986 F.3d 599,

607 (6th Cir. 2021). But "a judicial probable cause determination within 48 hours complies with the promptness requirement" and generally "will be immune from systemic challenges." *Cox v. City of Jackson, Tenn.*, 811 F. App'x 284, 287 (6th Cir. 2020) (citing and quoting *Gerstein v. Pugh*, 420 U.S. 103, 95 S. Ct. 854 (1975) and *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 111 S. Ct. 1661 (1991)*)*. "[A] particular plaintiff challenging the promptness of a determination [that was] made within 48 hours . . . would have to 'prove that his or her probable cause determination was delayed unreasonably.'" *Cox*, 811 F. App'x at 287 (citing *McLaughlin*, 500 U.S. at 56).

"Individuals arrested and detained without a warrant are entitled to a 'prompt' judicial determination of probable cause." *Drogosch v. Metcalf*, 557 F.3d 372, 378 (6th Cir. 2009) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 125, 95 S. Ct. 854 (1975)). In the absence of exceptional circumstances, the government must generally provide a probable cause determination within 48 hours for the determination to be considered sufficiently prompt. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57, 111 S. Ct. 1661 (1991). A failure to do so violates the individual's Fourth Amendment rights and is known as a *Riverside* violation.  *See*, *Id.* Where the arrested person does not receive a probable cause determination within 48 hours, the government bears the burden of demonstrating "the existence of a bona fide emergency or other extraordinary circumstance" that would justify the delay. *Id.* at 57.

In the instant matter, there is no dispute that Plaintiff was detained without a probable cause determination for less than four (4) hours, until the Bedford Municipal Court Magistrate reviewed an Affidavit and supporting materials from one of the Solon Police Officer Defendants and found that probable cause existed for the warrantless arrest.  As such, there is no *Riverside* violation and no denial of Due Process. *See*, Answer, Probable Cause Determinations, Exhibits A and B, Doc. 26-1 and 26-2.

In the similar case of *Bolden v. City of Euclid*, 2013 U.S. Dist. LEXIS 156997, 2013 WL 5935614 (N.D. Ohio) (Gaughan, J.), the Court addressed one of these typical post-arrest legal challenges.  Due to the existence of probable cause, the Court dismissed plaintiff's shot-gun, cover-the-waterfront claims of §1983 and equal protection violations, unlawful search and seizure, due process, excessive force, state law claims of false arrest and imprisonment, assault, and intentional infliction of emotion distress.

Based upon the aforementioned binding and persuasive legal authorities, Plaintiff's §1983 claims here are barred as a matter of law.

## 2. **Plaintiff's False Arrest and Intentional Infliction of Emotional Distress Claims Are Time-Barred.**

Apart from the foregoing pleading defects, Plaintiff's false arrest claim is time-barred by R.C. §2305.11, the applicable one-year statute of limitations for false arrest.  Plaintiff filed this claim on October 15, 2024 -- more than one year after his November 13, 2022 arrest.  It is thus time-barred as a matter of law.  *Davis v. Butler City, Ohio*, 658 Fed. Appx. 208 *, 2016 U.S. App. LEXIS 13776 ** (6th Cir. 2016).

Plaintiff's intentional infliction of emotional distress ("IIED") claim also is time-barred. The statute of limitations for IIED claims is generally four years. R.C. §2305.09(D). However, courts have held that "when the acts underlying the claim would support another tort, the statute of limitations for that other tort governs the claim for intentional infliction of emotional distress." *Crist v. Pugin*, 2008 U.S. Dist. LEXIS 49274, 2008 WL 2571229, at *2 (N.D. Ohio) (quoting *Stafford v. Clever Investigations*, 2007-Ohio-5086, ¶8 (10th Dist.)).  "[I]n determining which limitations period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the

determinative factors, the form is immaterial." *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984).

In a very similar case decided in this District, *Freeman v. City of Lyndhurst*, 2010 U.S. Dist. LEXIS 23238, 2010 WL 908171 (N.D. Ohio), the plaintiff's IIED claim was based on the same events as his assault and battery and false arrest claims. *Freeman*, 2010 U.S. Dist. LEXIS 23238, 2010 WL 908171, at *3. The court, citing Judge Katz' analysis in *Crist*, held that the one-year statute of limitations for assault and battery and for false arrest would also apply to the plaintiff's IIED claim. *Id.*

In the instant matter, all of Plaintiff's claims, including that alleging IIED, are based upon his warrantless arrest made by Defendants against him on November 13, 2022, as detailed in the Complaint. Plaintiff, in fact, cites the same facts for both his false arrest and IIED claim. Because the same acts underlie both the § 1983 and false arrest claims, as well as the IIED claim, the one year false arrest statute of limitations applies to Plaintiff's IIED claim. Accordingly, Plaintiff's claim alleging IIED is barred by the one-year statute of limitations, having been filed more than one year after accruing as a claim. *Accord*, *Lee v. City of Norwalk*, 2011 U.S. Dist. LEXIS 101767, at *6-7 (N.D. Ohio).

### 3. Plaintiff's Intentional Inflection of Emotional Distress Claims are Defectively Pled and Cannot Survive, as a Matter of Law, the Dismissal of His Other Claims.

Even if Plaintiff's IIED claim survives the bar of the statute of limitations, it must substantively fail as a matter of law. In order to succeed on an IIED claim under Ohio law, a plaintiff must demonstrate that: (1) the defendants intended to caused emotional distress, or knew or should have known that their conduct would result in serious emotional distress to the plaintiff; (2) the defendants' conduct was outrageous and extreme; (3) the defendants' conduct was the

proximate cause of plaintiff's psychic injuries; and (4) the plaintiff's emotional distress was serious, and of such a nature that no reasonable person could be expected to endure it. *Ashcroft v. Mt. Sinai Med. Ctr.*, 68 Ohio App.3d 759, 588 N.E.2d 280, 284 (8th Dist. 1990); *Bolander v. BP Oil Co.*, 128 Fed. Appx. 412, 419 (6th Cir. 2005) (citing *Ekunsumi v. Cincinnati Restoration, Inc.*, 120 Ohio App. 3d 557, 698 N.E.2d 503 (1st Dist. 1997) and *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 453 N.E.2d 666 (1983), abrogated on other grounds by, *Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007- Ohio-2451, 866 N.E.2d 1051 (2007). Conduct is "extreme and outrageous" when it "go[es] beyond all possible bounds of decency, and [would] be regarded as atrocious, and utterly intolerable in a civilized community." *See Yeager*, 453 N.E.2d at 671.

Plaintiff wholly fails to allege these elements in the Complaint. Naked assertions of intentional infliction of emotional distress do not pass muster under *Twombly* and *Iqbal*. Plus, there cannot be a cognizable claim of intentional infliction of emotional distress where a person -- be it Plaintiff or a bystander -- observes a Police Officer lawfully perform his/her duties.

In *Gill v. Kovach*, 729 F.Supp.2d. 925, 941 (N.D. Ohio 2010), the court held that the conduct of police officers, who "used excessive force by repeatedly using a taser to obtain control over" the plaintiff was not beyond all possible bounds of decency and did not constitute intentional infliction of emotional distress. In *Martin v. City of Broadview Heights*, 2011 U.S. Dist. LEXIS 92466, 2011 WL 3648103, at *1-2 (N.D. Ohio), a police officer sat on the decedent, who was lying prone on the ground, with the officer's knees digging into the decedent's back, hit the decedent in the side with compliance shots, punched the decedent multiple times in the face, and pressed the decedent facedown until the decedent made a gurgling noise and became unresponsive. *Id*. The decedent subsequently asphyxiated and died because of the officer's actions. *Id*. at *2. The court determined this was not "extreme and outrageous conduct" because "[w]hile Defendant Officers

conduct may constitute excessive force, a battery, and assault, and thus was unreasonable and even reckless, their restraint of the decedent was not so 'utterly intolerable in a civilized community.'" *Id*.

In *Hayward v. Cleveland Clinic Foundation*, 878 F. Supp. 2d. 860, 866 (N.D. Ohio 2012) (aff'd in part and rev'd in part, 759 F.3d 601 (6th Cir. 2014)), the plaintiff alleged that, following his arrest, the defendant-officers pulled him from his house, forced him onto the ground, put him in handcuffs, and then proceeded to "punch[ ] and kick[ ] him in the head and body, hurl[ ] racial epithets at him, beat him with their batons, and stun[ ] him with Tasers." The court concluded that the plaintiff's intentional infliction of emotional distress claim failed because, though the defendant-officers' actions may have been "unreasonable," their actions were no more egregious than the defendant-officers' conduct in *Gill* and *Martin*. *Id*.

In the instant matter, Plaintiff's IIED claim should likewise fail, as there was no egregious or outrageous conduct. Plaintiff only alleges that the Solon Police Officer Defendants broke down the door to the apartment and arrested him.  He does not allege that the officers twisted his arm and wrist while he was handcuffed, does not allege any excessive force was used upon his person, and does not allege that the officers refused to immediately provide him with medical care. Rather, Plaintiff's bare-bones allegations of breaking down a door to effectuate an arrest fail to rise to the level of "extreme and outrageous." *Yeager*, 453 N.E.2d at 671. Indeed, Plaintiff's allegations are significantly less egregious than the allegations dismissed in *Hayward*, *Gill*, and *Martin*.  *See*, *supra*. Plaintiff's proposed IIED claim fails to allege conduct that is "utterly intolerable in a civilized society," *Yeager*, 453 N.E.2d at 671, and, thus, he fails to state an IIED claim. Any amendment to incorporate this claim would therefore be futile.  *See*, *Spencer v. Cleveland Clinic Found.*, 2022 U.S. Dist. LEXIS 132875, at *16-17 (N.D. Ohio).

Where, as here, Plaintiff has added naked, threadbare allegations of IIED to a garden variety §1983 claim, courts dismiss these claims. *Davis v. Butler Cty, Ohio*, *supra* (dismissing conclusory allegations of intentional infliction of emotional distress under *Iqbal* in a garden variety §1983 claim coupled with a Probable Cause Determination). *See also*, *Gillispie v. City of Miami Twp.*, 2020 U.S. Dist. LEXIS 172735 *, 2020 WL 5629677 (S.D. Ohio) (dismissing, as insufficient, plaintiff's intentional infliction of emotional distress claim arising out of his arrest).

## III.   <u>CONCLUSION</u>

For all of the foregoing reasons, the Solon Police Officer Defendants urge the Court, in the strongest terms possible, to grant their Motion for Judgment on the Pleadings and to dismiss all claims against them. *See*, *Doe v. Foster*, 2019 U.S. Dist. LEXIS 214190, 2019 WL 6770094 (N.D. Ohio) (Lioi, J.) (granting Defendants' Motion for Judgment on the Pleadings in excessive force/constitutional rights/malicious prosecution case because plaintiffs failed to nudge their claims across the line from conceivable to plausible, as required by *Twombly*).

<div style="margin-left: 40%;">

Respectfully submitted,

NICOLA, GUDBRANSON & COOPER, LLC

/s/ Matthew T. Fitzsimmons
Matthew T. Fitzsimmons (0013404)
Michael E. Cicero (0058610)
R. Christopher Yingling (0066551)
Terminal Tower, Suite 2900
50 Public Square
Cleveland, Ohio 44113
Phone: (216) 621-7227
Fax:    (216) 621-3999
Email: fitzsimmons@nicola.com
        cicero@nicola.com
        yingling@nicola.com

Attorneys for the Solon Police Officer Defendants

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 24, 2025 the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.   A copy was also served by electronic mail upon the following:

Clint J. Massengale, Sr.
Email:  CCR.iustitia@gmail.com
Pro Se Plaintiff

/s/ Matthew T. Fitzsimmons
Matthew T. Fitzsimmons (0013404)

One of the Attorneys for the Solon Police Officer
Defendants

{01794141v3 }                                          12