UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLINT J. MASSENGALE, SR., | ) | Case No. 1:24-cv-01793 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| PATRICK J. PERHACS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# OPINION AND ORDER

Plaintiff Clint J. Massengale filed this action without a lawyer against several police officers he alleges violated, among other things, his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983. The Court referred this matter to a Magistrate Judge to hear and decide all pretrial matters not dispositive of any party's claim or defense. (ECF No. 8.) As relevant here, the Magistrate Judge denied Plaintiff's notice of a discovery dispute to the extent that it was intended as a motion. (ECF No. 43.) Then, the Magistrate Judge denied Plaintiff's motion for an extension of time to file his second amended complaint. (ECF No. 44.) Next, the Magistrate Judge granted the Cuyahoga County Prosecutor's Office's motion to quash. (ECF No. 45.) Finally, the Magistrate Judge denied Plaintiff's motion for disqualification. (ECF No. 52.) Plaintiff objected to all four of these orders. (ECF No. 47; ECF No. 48; ECF No. 49; ECF No. 54.)

## ANALYSIS

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court," with certain exceptions not relevant here. Under this statute, a judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Accordingly, an order of a magistrate judge does not receive de novo review, as does a report and recommendation under 28 U.S.C. § 636(b)(1)(B). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Commissioner*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948)).

### I. Objection to Discovery Dispute Order

In a 16-page brief, Plaintiff objects to the Magistrate Judge's denial of his notice of a discovery dispute to the extent that it was intended as a motion. (ECF No. 47, PageID #581.) He argues that the Magistrate Judge "mischaracterized [his] filing as a motion and summarily denied relief without a fair hearing." (*Id.*) Further, Plaintiff claims that the Magistrate Judge "failed to consider [his] evidence and objections, misrepresented the nature of the dispute, and improperly credited Defendants' version of events while ignoring clear indication that no true agreement on ESI discovery existed." (*Id.*) He alleges that "[s]uch one-sided handling of the dispute creates an appearance of judicial bias and results in a decision that is clearly erroneous and contrary to law." (*Id.*)

2

Local Rule 7.1(f) provides that memoranda relating to non-dispositive motions "must not exceed fifteen (15) pages in length." L.R. 7.1(f); *see also Jane v. Jackson Loc. Sch. Dist. Bd. of Educ.*, No. 5:17-cv-1931, 2018 WL 6590615, at *1 n.2 (N.D. Ohio Dec. 14, 2018) (noting that "[t]he fifteen-page limitation is reserved for memorandum relating to non-dispositive motions"). "Failure to comply with these provisions may be sanctionable at the discretion of the Judicial Officer." L.R. 7.1(f); *see also Adams v. Valega's Prof. Home Cleaning, Inc.*, No. 1:24-cv-0644, 2012 WL 5386028, at *2 (N.D. Ohio Nov. 2, 2012). Without a showing of good cause, the reviewing court may strike a motion that violates the requirements of Local Rule 7.1(f). *Kovach v. Affinity Whole Health LLC*, No. 1:21-cv-01817, 2023 WL 11986887, at *1 (N.D. Ohio Feb. 17, 2023) (striking a brief that exceeded the page limits of Local Rule 7.1(f) because "Plaintiff did not seek leave to exceed the page limitations" and "good cause [did] not exist" to do so).

Plaintiff failed to comply with Local Rule 7.1(f). He did not obtain leave to file a brief in excess of the page limits of the Local Rule, and the record shows no good cause for this failure or for filing a brief as long as the one he did. *See Kovach*, 2023 WL 11986887, at *1. Indeed, by comparison, Defendants' response runs just five pages. (ECF No. 56.) For these reasons, the Court **STRIKES** Plaintiff's objection to this ruling for failure to comply with the Local Rules.

In any event, the Court's review of the record shows no clear error. Nor does it show, contrary to Plaintiff's claims, that there was "one-sided handling of the dispute" in the Magistrate Judge's order that "improperly credited Defendants'

3

version of events." (ECF No. 47, PageID #581.) All the record shows, as Defendants point out, is the Magistrate Judge's determination that no discovery dispute existed. (ECF No. 56, PageID #750.) In making this determination, the Magistrate Judge relied on his management of the case and discussions with the parties. (ECF No. 43, PageID #411.) Whether Plaintiff consented to the protocol for review and production of electronically stored information or not (ECF No. 47, PageID #585), the Magistrate Judge recognized that Plaintiff did not object to this agreement when the parties presented it to him. It is not an error for a court to treat silence as the waiver of an objection, especially in the face of other indications that the parties had an agreement (here, their correspondence). *See O'Donnell v. Genzyme Corp.*, 640 F. App'x 468, 476 (6th Cir. 2016). Everything else Plaintiff raises goes to procedural matters that do not reflect on the merits or show bias or any other impermissible conduct on the part of the Magistrate Judge. Therefore, even without respect to Plaintiff's violation of Local Rule 7.1(f), the Court would overrule his objection.

**II.     Objection to Extension Order**

Plaintiff objects to the Magistrate Judge's denial of his motion for an extension of time to file his second amended complaint. (ECF No. 48, PageID #598.) Specifically, Plaintiff alleges that the Magistrate Judge "disregarded procedural obstacles beyond [his] control, mispresented [his] legal avenues for obtaining critical records, ignored Defendants' misconduct, and imposed an undue burden on [him] as a pro se litigant." (*Id.*)

In addition to filing a motion for leave to file his second amended complaint (ECF No. 46), Plaintiff has since filed a notice of related filing and request for prompt

4

ruling on this motion (ECF No. 62). Then, the Magistrate Judge stayed any briefing on Defendants' motion for judgment on the pleadings and discovery until it rules on Plaintiff's motion for leave to file a second amended complaint. (ECF No. 66). This order also granted in part Plaintiff's motion for leave to reply to Defendants' opposition to his motion for leave to file a second amended complaint. (ECF No. 60.) Therefore, because these motions are pending with the Magistrate Judge and concern the same request, the Court **OVERRULES** this objection as **MOOT**.

### III. Objection to Order to Quash

In his 20-page brief, Plaintiff objects to the Magistrate Judge's order quashing his subpoena to the Cuyahoga County Prosecutor's Office. (ECF No. 49, PageID #606.) Specifically, Plaintiff alleges that the order "is marred by procedural and legal errors that demonstrate a pattern of unfair treatment and bias against [him]." (*Id.*) Further, he claims that the Magistrate Judge "relied on contradictory reasoning, ignored changed circumstances, and gave Defendants an undue advantage by denying [him] equal access to critical evidence." (*Id.*)

Again, the Court **STRIKES** Plaintiff's objection for failure to comply with Local Rule 7.1(f). He did not seek leave to exceed the page limits, and the record shows no good cause for his over-length objection. In any event, the record shows no clear error in the Magistrate Judge's discretionary decision to quash Plaintiff's subpoena. And Plaintiff still has other avenues to obtain the records he seeks, as the Magistrate Judge noted. (ECF No. 45, PageID #422–24.)

5

## IV.     Objection to Disqualification Order

Plaintiff objects to the Magistrate Judge's order denying his motion for recusal. (ECF No. 54; ECF No. 54-1.) Plaintiff's objection encompasses numerous allegations, several of which form the basis for other objections. At bottom, Plaintiff alleges that "collectively the prior rulings reflect unfair treatment, procedural irregularities, and an appearance of judicial bias against me." (ECF No. 54, PageID #712.) Plaintiff claims that the Magistrate Judge "has consistently applied one set of standards to [him] and a more lenient set to Defendants, to the point that [Plaintiff] no longer [has] confidence in receiving a fair proceeding before him." (*Id.*)

### IV.A.  Disqualification Standard

Federal law dictates when a judge must recuse from a case. 28 U.S.C. § 455. The statute "place[s] the obligation to identify" the "grounds" for recusal "upon the judge himself." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Section 455 "is a self-executing" and "mandatory guideline that federal judges must observe sua sponte." *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980). Subsection (a) of the statute provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This provision addresses the objective *appearance* of bias (regardless of whether the judge actually harbors any) whereas subsection 455(b) lists specific factual circumstances that require recusal. *Liteky*, 510 U.S. at 548. Subsection (a) requires recusal "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990). Plaintiff also relied on Section 455(b)(1) in seeking

6

disqualification. As relevant here, that subsection requires recusal "[w]here [the judge] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).

Under the statute, a judge must disqualify himself where "the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 877 (2009) (citation omitted). "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison,* 349 U.S. 133, 136 (1955). The "vital point" is that "the judge should not himself give vent to personal spleen or respond to a personal grievance. These are subtle matters, for they concern the ingredients of what constitutes justice. Therefore, justice must satisfy the appearance of justice." *Mayberry v. Pennsylvania,* 400 U.S. 455, 465 (1971) (citation omitted).

**IV.B. Application to the Record**

Plaintiff's objection to the Magistrate Judge's decision not to remove himself from this case suffers from a single, fatal defect. Everything the Magistrate Judge learned about the case stems from his role in presiding over it. In such circumstances, disqualification is even more rare than usual. After all, by presiding over a case, a judge acquires knowledge and opinions "properly and necessarily acquired in the course of the proceedings . . . necessary to completion of the judge's task." *Liteky*, 510 U.S. at 550–51. Comments a judge makes to counsel, the parties, or their cases, even if hostile, do not ordinarily support a challenge based on bias or partiality. *Id.* at 555. In this respect, a litigant whose demeanor, conduct, or arguments cause a judge to view that party or his case in a negative light lives with the consequences of his

actions and decisions. Such a rule promotes civility and efficiency and guards against strategic behavior that might amount to a form of judge-shopping.

Still, a judge's handling of a case might support disqualification in two circumstances. First, a judge may reveal knowledge or information from an extrajudicial source. *Id.* Plaintiff's objection does not implicate this possibility, and the record does not support it. Second, the conduct of a judge might show "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* On this score, review of the record shows that Plaintiff's objection falls far short of this high standard. To the contrary, the record shows that the Magistrate Judge has diligently handled many filings in a timely and thorough fashion. Further, the record shows that the Magistrate Judge has addressed many issues and concerns that Plaintiff has raised. For example, the Magistrate Judge granted Plaintiff's motion to quash (ECF No. 25, PageID #207), chastised Defendants at the case management conference for engaging in certain behavior directed as a dig at Mr. Massengale, and commented to both parties about certain matters of practice in federal court (ECF No. 44, PageID #416). The many specific grounds Plaintiff advances in support of his objection lack merit. Rather than dignify each with a refutation, the Court simply notes that dissatisfaction with a ruling, or even a series of rulings, does not provide a proper basis for disqualification. The Court's review of the record fails to show a high degree of favoritism or antagonism on the part of the Magistrate Judge. Nothing in the records suggests or casts doubt on the ability of the Magistrate Judge to continue to preside over this case fairly and impartially.

## LENGTH AND NUMBER OF OBJECTIONS

The docket shows that Plaintiff has made a practice of numerous filings and objections. The Court referred this matter to the Magistrate Judge for pretrial case management. Objection to many, if not all, of his rulings is inconsistent with the purpose of that referral and efficient case management. Further, it makes more work for the Court and the parties and slows the progress of the case toward resolution of the parties' respective claims and defenses. The Court will not allow it.

In the future, the Court will not entertain objections to every single order or ruling in this case. Should any party make frivolous or unwarranted objections, the Court will not hesitate to take appropriate remedial action or to impose appropriate sanctions. To facilitate review of any proper objection, the Court **ORDERS** that no objection by any party to a ruling of the Magistrate Judge exceed five (5) double-spaced pages. Under the standard of review under 28 U.S.C. § 636(b)(1)(A), a five-page brief provides ample space to identify any clear error. Further, the parties must otherwise comply with the Court's Civil Standing Order (available [here](#)).

## CONCLUSION

For the foregoing reasons, the Court **STRIKES** two of Plaintiff's objections for failure to comply with Local Rule 7.1(f) (ECF No. 47; ECF No. 49) and **OVERRULES** the others (ECF No. 48; ECF No. 54).

**SO ORDERED.**

Dated: April 9, 2025

                                           J. Philip Calabrese
                                           United States District Judge
                                           Northern District of Ohio