# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CLINT J. MASSENGALE, SR., ) | Case No. 1:24-cv-01793 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | James E. Grimes, Jr. |
| PATRICK J. PERHACS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **OPINION AND ORDER**

Plaintiff Clint J. Massengale filed this action without a lawyer against several police officers he alleges violated, among other things, his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983.  The Court referred this matter to a Magistrate Judge to hear and decide all pretrial matters not dispositive of any party's claim or defense.  (ECF No. 8.)  As relevant here, the Magistrate Judge granted in part and denied in part Plaintiff's motion for leave to file a second amended complaint.  (ECF No. 69.)  Plaintiff objects to this order (ECF No. 71), as do the Police Defendants who seek leave to file an objection *instanter* (ECF No. 72).  In the interest of judicial economy, the Court **GRANTS** Defendants' motion.  In this ruling, then, the Court takes up both sets of objections.

## ANALYSIS

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court," with certain exceptions not relevant here.  Under this statute, a judge "may reconsider any pretrial matter under this

subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Accordingly, an order of a magistrate judge does not receive de novo review, as does a report and recommendation under 28 U.S.C. § 636(b)(1)(B). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Commissioner*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948)).

## I. Plaintiff's Objections

Plaintiff alleges that the Magistrate Judge's order granting in part and denying in part his motion for leave to file a second amended complaint "suffers from defects." (ECF No. 71, PageID #1054–55.) Specifically, Plaintiff contends that the order: (1) "makes unsupported factual findings about when Plaintiff received material evidence"; (2) "dismisses Plaintiff's First Amendment retaliation claim under an incorrect legal standard"; and (3) "invokes 28 U.S.C. § 1915(e)(2) to conduct a merits review without affording Plaintiff a meaningful opportunity to respond." (*Id.*) The Court addresses each objection in turn.

### I.A. Factual Findings Regarding Timeliness

Plaintiff claims that the Magistrate Judge "stated that Plaintiff 'had records related to this action since at least 2023,' using this assertion to deny the timeliness of adding certain defendants." (*Id.*, PageID #1055.) But this characterization misstates the record. The Magistrate Judge determined that Plaintiff's malicious prosecution claim was time-barred as it related to *new* Defendants because more than

2

a year had passed since the accrual of his claims. (ECF No. 69, PageID #971–72.) The Magistrate Judge relied on Plaintiff's own pleadings, which noted that his prosecution was dismissed on November 13, 2023. (*Id.*) For this reason, the Magistrate Judge determined that Plaintiff's malicious prosecution claim was time-barred regarding new Defendants pursuant to the one-year statute of limitations. *See* Ohio Rev. Code § 2305.11(A). Similarly, the Magistrate Judge determined that Plaintiff's municipal liability claim was time-barred based on the accrual date of his alleged injuries, not based on when Plaintiff possessed certain records. (ECF No. 69, PageID #972–73.) No findings of fact made. None required. The Magistrate Judge merely applied the law to Mr. Massengale's allegations.

Plaintiff also claims that the Magistrate Judge disregarded Plaintiff's declarations and exhibits, where he allegedly details "the exact discovery dates for the identities" of the new Defendants. (ECF No. 71, PageID #1055.) But there is no evidence that the Magistrate Judge disregarded these submissions. To the contrary, he acknowledged them in his order. (ECF No. 69, PageID #963.) Further, the Court discerns no clear error in the Magistrate Judge's determination that Plaintiff could not substitute new Defendants for the John Doe Defendants originally named. Under Rule 15(c), replacing a named party for a John Doe constitutes a change in the parties such that the amendment does not relate back to the original pleading. *See Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012). Again, the Magistrate Judge applied the law to Mr. Massengale's allegations. Nothing more.

3

For these reasons, the Court determines that there was no clear error in the Magistrate Judge's determination that certain claims were time-barred and **OVERRULES** this objection.

### I.B. First Amendment Retaliation Claim

Next, Plaintiff objects that the dismissal of his First Amendment retaliation claim "rests on a flawed blend of legal and factual errors" because the Magistrate Judge "prematurely resolved disputed facts about intent, impact, and timing," which Plaintiff contends are "issues for the jury." (ECF No. 71, PageID #1056.)

Analyzing First Amendment retaliation claims involves a three-step inquiry to determine whether the plaintiff engaged in protected speech. Specifically, the plaintiff must demonstrate that: (1) "he engaged in constitutionally protected speech"; (2) "he suffered an adverse action likely to chill a person of ordinary firmness from continuing to engage in protected speech"; and (3) "the protected speech was a substantial or motivating factor in the decision to take the adverse action." *Westmoreland v. Sutherland*, 662 F.3d 714, 718 (6th Cir. 2011) (citing *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 768 (6th Cir. 2010)). While the determination of "[w]hether an alleged adverse action is sufficient to deter a person of ordinary firmness is generally a question of fact," where the "alleged adverse action is 'inconsequential,' resulting in nothing more than a 'de minimis injury,' the claim is properly dismissed as a matter of law." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583–84 (6th Cir. 2012) (quoting *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002)).

Here, the Magistrate Judge reasoned that Plaintiff could not be chilled from engaging in protected speech because he did not learn about the allegedly retaliatory

4

calls from the prosecutor until "three months *after* they occurred." (ECF No. 69, PageID #976 (emphasis added).) In any event, the Magistrate Judge determined that "the factual nature of this inquiry counsels against finding that Massengale has failed to state a claim against Davin." (*Id.*, PageID #976–77.) His summary makes clear that Plaintiff may amend to include these allegations. (*Id.*, PageID #998.) Therefore, it is not clear why Plaintiff objects or that he has standing to do so. This objection is moot.

### I.C. 28 U.S.C. § 1915(e)(2)

Finally, Plaintiff contends that the Magistrate Judge "improperly resolve[d] factual inferences against the Plaintiff at the screening stage" regarding the dismissal of Plaintiff's conspiracy claims under Section 1983 and Ohio law. (ECF No. 71, PageID #1057.) Pursuant to 28 U.S.C. § 1915(e)(2), a court may dismiss any portion of a *pro se* complaint that "(1) fails to state a claim upon which relief can be granted, or (2) is frivolous." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Further, Section 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). In this Circuit, courts dismiss conspiracy claims where the "[p]laintiff does not allege facts to plausibly suggest the [d]efendants engaged in a conspiracy." *Taylor v. Teodosio*, No. 5:23-cv-124, 2023 WL 2931044, at *2 (N.D. Ohio Apr. 12, 2023).

The Magistrate Judge determined that Plaintiff provided: (1) "no facts in the Proposed Complaint alleging that an agreement to violate his rights existed"; (2) "no

5

factual allegations that the Defendants 'agreed to the general conspiratorial objective of violating [Mr. Massengale's] constitutional rights'"; (3) allegations that "rest on logical leaps and the hope the Court will indulge allegedly nefarious inferences"; and (4) "conclusory" and "naked assertions" that are "unsupported by material facts." (ECF No. 69, PageID #982–94.) Plaintiff's conspiracy claims included allegations that involved, among other things, fabricated records because a police officer and prosecutor discussed a case before bringing charges (*id.*, PageID #985), police reports being fabricated because they were identical (*id*, PageID #986–87), and doctors and nurses agreeing to prepare specific medical findings to justify the charges against Mr. Massengale (*id.*, PageID #988–89). In *Dallas v. Holmes*, 137 F. App'x 746, 752–53 (6th Cir. 2005), the Sixth Circuit determined that the district court properly dismissed the plaintiffs' conspiracy and RICO claims because their complaint "makes broad, conclusory allegations without facts to support a conspiracy theory" and were "barely coherent and without factual or legal foundation so as to be entirely speculative." So too here. Based on a review of the proposed complaint and the allegations forming the basis of Plaintiff's proposed conspiracy claims, the Court cannot say that the Magistrate Judge clearly erred by disallowing amendment. Therefore, the Court **OVERRULES** Plaintiff's objection.

## II.    Defendants' Objections

As an initial matter, the Police Defendants suggest in a parenthetical that the Court's Order governing objections somehow does not apply to them. (ECF No. 72, PageID #1060.) They are mistaken. The Court's Order governing objections in this matter is clear and applies to "any party." (ECF No. 68, PageID #952.) In their

6

partial objection, the Police Defendants attempt to incorporate by reference the entirety of their opposition to Plaintiff's motion for leave to amend. (ECF No. 72, PageID #1064.) Consistent with its Order governing objections, and in the interest of not relitigating every procedural ruling and order the Magistrate Judge makes, which defeats the purpose of the referral to him in the first place, the Court limits its review to Defendants' objections made in its submission without going further. The same rules apply to all parties to this litigation.

In reviewing the Magistrate Judge's lengthy analysis of Plaintiff's motion to amend, the Court discerns no clear error. Pursuant to Rule 15(a)(2), 21 days after a party serves a pleading, "a party may only amend its pleading with the written consent of the opposing party or leave from the court." *Detrick v. Heidtman Steel Prods., Inc.*, 677 F. App'x 240, 246 (6th Cir. 2017). Courts "should freely give leave when justice so requires." *Id.* The Magistrate Judge acknowledged this rule. (ECF No. 69, PageID #963.) Defendants claim that "[t]he prejudice to the Solon Police Officer Defendants from allowing a Second Amended Complaint now is severe and substantial" because of "the new discovery and dispositive motion schedules" and the fact that Defendants "invested significant effort and public funds putting together a Motion for Judgment on the Pleadings." (ECF No. 72, PageID #1062–64.) Such is litigation. Rule 15 balances the competing interests of the parties generally, and the Magistrate Judge did so as well in his careful and thorough ruling.

While the Court might have some sympathy for the position in which Defendants find themselves, the rules allow Plaintiff to amend. Moreover, they

7

represent good strategy for a plaintiff facing a motion under Rule 12. For that reason, multiple amendments are not uncommon. Good litigation strategy does not make for clear error. Accordingly, the Court **OVERRULES** Defendants' objections.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections. (ECF No. 71.) Further, the Court **GRANTS** the Police Defendants' motion for leave to file a partial objection *instanter* and **OVERRULES** Defendants' partial objection. (ECF No. 72.) Based on the Magistrate Judge's ruling and the parties' objections, the Court determines that Defendants' motion for judgment on the pleadings and Defendants' motion to strike Plaintiff's notices of filing declarations and supplemental evidence are **MOOT**. (ECF No. 36; ECF No. 65.)

SO ORDERED.

Dated: May 21, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio