IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLINT J. MASSENGALE SR., Individually and on behalf of his minor children JM, JS, CM, and JM | ) ) ) | CASE NO: 1:24-cv-01793 DISTRICT JUDGE J. PHILIP CALABRESE |
| Plaintiffs, | ) ) ) | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| v. | ) ) | |
| PATRICK J. PERHACS, et al. | ) ) | |
| Defendants. | ) | |

**MOTION OF SOLON POLICE OFFICER DEFENDANTS
FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Fed. R. Civ. P. 12(c), the Solon Police Officer Defendants move the Court for an Order granting them judgment on the pleadings as a matter of law and dismissing the Second Amended Complaint (the "Complaint") for two separate, independently dispositive reasons:

First, pursuant to directly on-point Ohio law -- Ohio Rev. Code §2953.34(K)(1) -- Plaintiffs cannot rely on sealed records from a criminal case as a basis for asserting any claim without officially unsealing all such records.

Second, two Probable Cause Determinations and a Grand Jury Indictment of Massengale render Plaintiffs' claims defective, deficient, and baseless as a matter of law.

Therefore, as set forth in the attached Memorandum in Support, the Solon Police Officer Defendants urge the Court to grant their Motion for Judgment on the Pleadings.

{01826971v12 }

Respectfully submitted,

NICOLA, GUDBRANSON & COOPER, LLC


/s/ Matthew T. Fitzsimmons
Matthew T. Fitzsimmons (0013404)
Michael E. Cicero (0058610)
R. Christopher Yingling (0066551)
Terminal Tower, Suite 2900
50 Public Square
Cleveland, Ohio 44113
Phone: (216) 621-7227
Fax:    (216) 621-3999
Email: fitzsimmons@nicola.com
          cicero@nicola.com
          yingling@nicola.com

Attorneys for the Solon Police Officer Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLINT J. MASSENGALE SR., Individually and on behalf of his minor children JM, JS, CM, and JM | ) ) ) | CASE NO: 1:24-cv-01793 |
| | ) | DISTRICT JUDGE J. PHILIP CALABRESE |
| Plaintiffs, | ) ) ) | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| v. | ) ) | |
| PATRICK J. PERHACS, et al. | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF SOLON POLICE OFFICER DEFENDANTS
IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.      STATEMENT OF FACTS**

On November 13, 2022, Solon Police Officers responded to a 911 call of a violent domestic incident. The Solon Police Officers entered an apartment and arrested Mr. Massengale for Obstructing Official Business and Domestic Violence. *See*, Answer, unsealed Probable Cause Determinations, Exhibits A (Doc. 75-1, PageID #: 1122), B (Doc. 75-2, PageID #: 1124), C (Doc. 75-3, PageID #: 1126), and D (Doc. 75-4, PageID #: 1127).

The Probable Cause Affidavit for Obstructing Official Business (Doc. 75-1, PageID #: 1122) provides in pertinent part:

> On 11/13/2022 at approximately 1730 hours, while in the vicinity of 32200 Monroe Court #206B, Solon (Cuyahoga), Ohio, did, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties, to wit: Clint J. Massengale refused to open the door to his residence after police knocked and announced several times while investigating an active domestic violence event, contrary to the form of a statute 2921.31(A) of the Ohio Revised Code,

a Misdemeanor of the Second Degree in such cases made and provided against the peace and dignity of the State of Ohio.

The Probable Cause Affidavit for Domestic Violence (Doc. 75-2, PageID #: 1124) provides in pertinent part:

> On 11/13/22 at approximately 1730 hours, while in the vicinity of 32200 Monroe Court #206B, Solon (Cuyahoga), Ohio, did, knowingly cause or attempt to cause physical harm to a family or household member, to wit: Clint J. Massengale did grab and pull his juvenile daughter by the arms up and down a flight of stairs in an aggressive manner, placed her in a choke hold with his arms, threw her to the floor and proceeded to tackle her causing visible injuries to her arms, neck, face, and eye, contrary to the form of a statute 2919.25(A) of the Ohio Revised Code, a Misdemeanor of the First Degree in such cases made and provided against the peace and dignity of the State of Ohio

For each of the above Probable Cause Affidavits, Bedford Municipal Court Magistrate Brian P. Downey found there was probable cause for the arrest at 8:15 pm on November 13, 2022 -- less than three (3) hours after the Solon Police Officer Defendants arrested Mr. Massengale.

The Cuyahoga County Grand Jury indicted Mr. Massengale for this violent incident on two third-degree felony counts of Endangering Children (*see*, Answer, Exhibit E, Doc. 75-5, PageID #: 1128):

> did, to J.S. xx/xx/2009, a child under eighteen years of age, xx/xx/2009, or a mentally or physically handicapped child under twenty-one years of age, recklessly administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint was excessive under the circumstances and created a substantial risk of serious physical harm to the child.
>
> *The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*
>
> \*   \*   \*
>
> *The grand jurors, on their oaths, further find that the Defendant(s) unlawfully*
>
> did, to J.S. xx/xx/2009, a child under eighteen years of age, xx/xx/2009, or a mentally or physically handicapped child under twenty-one years of age, recklessly torture or cruelly abuse the child.

{01826971v12}  2

> *The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

Plaintiffs have asserted, essentially, the same facts they asserted in their prior two Complaints, but with "new" causes of action and revised labels and characterizations. Plaintiffs now allege the following causes of action:

Count I.   Unlawful Entry in violation of 42 U.S.C. §1983 and the Fourth Amendment;
Count II.  False Arrest[1] in violation of 42 U.S.C. §1983 and the Fourth Amendment;
Count III. Excessive Force in violation of 42 U.S.C. §1983 and the Fourth Amendment;
Count IV.  Malicious Prosecution in violation of §1983 and the Fourth Amendment;
Count V    Supervisor Liability; and
Count VI.  Malicious Prosecution under State law.

All of these Counts arise out of the same set of operative facts and fit hand-in-glove with each other.

Mr. Massengale successfully moved the Bedford Municipal Court and the Court of Common Pleas of Cuyahoga County, Ohio to seal his criminal cases. Pursuant to Ohio Rev. Code §2953.34 and *Morrison v. Bd. of Trustees,* 529 F. Supp. 2d 807 (S.D. Ohio 2007), the Solon Police Officer Defendants successfully moved those two Courts to unseal these cases so that Defendants could review and obtain certain records -- primarily the two Probable Cause Determinations and Grand Jury Indictment -- in order to defend themselves in this federal court litigation.[2] However, each Court's Orders only temporarily unsealed the cases, with each Court specifically ordering the cases to be resealed Both the Bedford Municipal Court and the Cuyahoga County Common Pleas Court then re-sealed Mr. Massengale's criminal cases. *See*, Answer, Exhibits C (Doc. 75-3, PageID

---

[1] Mr. Massengale dropped his state law false arrest and intentional infliction of emotional distress claims from his First Amended Complaint because, among other reasons, they were time-barred.

[2] Counsel for Defendants provided Plaintiffs with all the records that they selected from the files of Bedford Municipal Court and Cuyahoga County Common Pleas Court, as represented at the February 13, 2025 hearing. At the hearing, defendants' counsel suggested the parties stipulate to unsealing Mr. Masengale's state-court criminal records, but Mr. Masengale refused to agree to unseal the records. (Doc. 52, PageID #: 692-693). Mr. Masengale's failure to unseal the records is why the Court previously quashed his subpoena to the Cuyahoga County Prosecutor seeking to obtain the records. *See*, Doc. 45.

#: 1126) and D (Doc. 75-4, PageID #: 1127). As set forth below, those two criminal cases remain sealed and the facts and documents sealed therein do not exist as a matter of law.

Stripped of its rhetorical excesses, Plaintiffs' Complaint generically alleges, on its face, claims that Mr. Massengale's arrest violated his federal constitutional rights against unlawful search and seizure and the Fourth Amendment -- all in violation of §1983. Mr. Massengale purports to represent his alleged children herein -- including, oddly, the apparent victim of the alleged attack by him. The two state law claims are inextricably intertwined with and derivative of the §1983/Fourth Amendment constitutional claims. Of great legal significance for purposes of the present Motion and, as noted above, a Bedford Municipal Court Magistrate made a finding of Probable Cause and issued an Arrest Warrant for Mr. Massengale on two charges (Obstructing Official Business and Domestic Violence), and the Cuyahoga County Grand Jury indicted him on two felony counts of Endangering Children.

## II. ARGUMENT

### A. THE SOLON POLICE OFFICER DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS BECAUSE THE COMPLAINT FAILS TO ALLEGE A PLAUSIBLE CLAIM.

The standard of review for a motion for judgment on the pleading under Fed. R. Civ. P. 12(c) is the same as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Bates v. Green Farms Condominium Assn.*, 958 F.3d 470, 480 (6th Cir. 2020); *Lynn v. Liberty Twp., Ohio*, 2020 WL 1083620, *2 (N.D. Ohio 2020). A court determining a motion for judgment on the pleadings therefore "must follow the Supreme Court's changes to the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)." *Id*.

Similar to the review of a Fed. R. Civ. P. 12(b)(6) motion to dismiss, when reviewing a motion for judgment on the pleadings, the court must presume the truth of the factual allegations, and make reasonable inferences in favor of the nonmoving party. *Bates*, 958 F.3d at 480. The court, however, need not accept as true "'a legal conclusion couched as a factual allegation'" *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016), quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. A party's "obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The factual allegations must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *Id*.

To survive the legal challenge presented by a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S. Ct. at 1949, quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*., quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- 'that the pleader is entitled to relief.'" *Id*. at 1950.

In ruling on a motion for judgment on the pleadings, "the court considers all available pleadings." *Turk v. Oiler*, 732 F.Supp.2d 758, 764 (N.D. Ohio 2010); *Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC*, 702 F.Supp.2d 826, 832 (N.D. Ohio 2010). "The court can also consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice." *Id.*; *Dudek*, 702 F.Supp.2d at 832. *Accord*, *Gavitt*, 835 F.3d at 640; *Lynn*, 2020 WL 1083620, *2.

**1. The Complaint relies and is premised on sealed criminal case records which, as a matter of law, do not exist, cannot be used to state a claim upon which relief can be granted, cannot be used as evidence, and cannot be relied on by the Court.**

Throughout the Complaint, Plaintiffs substantially cite, reference, and rely on police reports, investigative reports, police body camera footage, and the medical examination of the alleged victim as the factual bases of their claims. All of that information, however, is from Mr. Massengale's sealed criminal case records. Where records relating to the underlying criminal proceeding have been sealed -- at the request of Mr. Massengale -- under directly on-point Ohio law, Ohio Rev. Code §2953.34(K)(1), "the proceedings in the case be deemed not to have occurred." *See also*, *Davis v. Remy*, 2006-Ohio-5030, ¶1, 4-5 (4th Dist.) (plaintiff cannot maintain a malicious prosecution action based upon them [sealed records] as a matter of law until the official records pertaining to the proceedings are unsealed at his request.").[3] As a matter of law, Plaintiffs cannot rely on information from Mr. Massengale's sealed criminal case records to maintain a claim. *Id*. *See also*, *Fafard v. Waxman*, 1998 Ohio App. Lexis 681, *3 (1st Dist. 1998) (reversing

---

[3] The expungement/sealing statutes, including Ohio Rev. Code §2953.52(B)(3), relied on in *Davis,* have been reorganized and renumbered to Ohio Rev. Code §2953.34. The pertinent language is nearly identical for purposes of the present argument.

{01826971v12} 6

trial court order granting summary judgment where court relied on records from a criminal case that had not been unsealed).

For purposes of the present action, information from Mr. Massengale's sealed records does not legally exist. Absent an Order unsealing all of his criminal case records -- which Mr. Massengale repeatedly has opposed -- Plaintiffs cannot rely on the records or any information from them, and Plaintiffs cannot reference the records or their contents in their filings. All references to information allegedly contained in the sealed records should be stricken from the record. *See*, *Fafard*, 1998 Ohio App. Lexis 681, *3 and the Motion of the Solon Police Officer Defendants to Strike (Doc. 74). Mr. Massengale's refusal to agree to unseal the criminal records while at the same time referencing them as though they exist to support his claims epitomizes bad faith. Plaintiffs cannot, as a matter of basic fair play and fundamental fairness to Defendants, use sealed criminal case records as "both a shield and as a sword." Directly on-point Ohio statutory and case law do not allow Plaintiffs to do what they are doing here. *See*, *e.g.*, *Carter v. Gestalt Inst. of Cleveland, Inc.*, 2013-Ohio-5748, ¶24 (8th Dist.).

Plaintiffs cannot, as a matter of law, use, rely on, refer to, and attempt to introduce as evidence (in depositions or at trial) all of the police reports, investigative reports, police body camera footage, and medical records/examinations which permeate the fifty-four (54) pages and two hundred and eighty-six (286) paragraphs of the Complaint. They do not exist as a matter of law. "Unsealing" the case means fully unsealing everything, not just a few court docket entries -- police reports, investigative reports, police body camera footage, medical records/examinations, etc., -- for all time. "Unsealing" the case does not mean a court temporarily unsealing a case so litigants can select and copy a few docket entries and then resealing the entire case. Many, many sealed records from a sealed criminal case -- the aforementioned documents -- are not found on

an online electronic docket or even in the Court hard-copy file itself. Such sealed records remain in possession of the Police Department and/or Prosecutor's Office. Defendants -- and the Court -- are confronted with an illusory Complaint with legally non-existent factual allegations and documents. The Solon Police Officer Defendants have not been served with and have not seen any Motion to Unseal filed by Mr. Massengale in any court. This is the ultimate, most pristine failure to meet the *Twombly* threshold.

> 2. **The Probable Cause Determinations and Grand Jury Indictment[4] Bar Plaintiffs' §1983 Fourth Amendment and Due Process Claims as a Matter of Law.**

It is well-settled, under controlling and persuasive precedent, that the aforementioned Probable Cause Determinations and Felony Indictment of Mr. Massengale render the claims here legally defective, deficient, and baseless. *See*, *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) ("A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff."); *Scott v. City of Bexley*, 11 Fed. App'x 514, 516 (6th Cir. 2001) (§1983 claim fails if probable cause for arrest exists) (quoting *Hansel v. Bisard*, 30 F. Supp.2d 981, 985-86 (E.D. Mich. 1998); *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (no claim for §1983 damages exists where arrest is supported by probable cause). Additionally, a Grand Jury Indictment establishes probable cause sufficient to defeat a §1983 claim. *Accord*, *Bakos v. City of Olmsted Falls*, 73 Fed. Appx. 152 (6th Cir. 2003) and *Higgason v. Stephens*, 288 F.3d 868 (6th Cir. 2002).

"As a matter of procedure, the *Fourth Amendment* prohibits extended pretrial detentions unless a neutral decisionmaker finds that probable cause exists." *Lester v. Roberts*, 986 F.3d 599,

---

[4] The statute of limitations for the felony charges set forth in the Grand Jury Indictment, Ohio Rev. Code §2901.13, is six years. The statute of limitations on these charges does not expire until November 13, 2028. Mr. Massengale is still subject to being re-indicted on these charges.

{01826971v12}                                                     8

607 (6th Cir. 2021). But "a judicial probable cause determination within 48 hours complies with the promptness requirement" and generally "will be immune from systemic challenges." *Cox v. City of Jackson, Tenn.*, 811 F. App'x 284, 287 (6th Cir. 2020) (citing and quoting *Gerstein v. Pugh*, 420 U.S. 103, 95 S. Ct. 854 (1975) and *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 111 S. Ct. 1661 (1991)*).* "[A] particular plaintiff challenging the promptness of a determination [that was] made within 48 hours . . . would have to 'prove that his or her probable cause determination was delayed unreasonably.'" *Cox*, 811 F. App'x at 287 (citing *McLaughlin*, 500 U.S. at 56).

"Individuals arrested and detained without a warrant are entitled to a 'prompt' judicial determination of probable cause." *Drogosch v. Metcalf*, 557 F.3d 372, 378 (6th Cir. 2009) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 125, 95 S. Ct. 854 (1975)). In the absence of exceptional circumstances, the government must generally provide a probable cause determination within 48 hours for the determination to be considered sufficiently prompt. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57, 111 S. Ct. 1661 (1991). A failure to do so violates the individual's Fourth Amendment rights and is known as a *Riverside* violation. *See*, *Id.* Where the arrested person does not receive a probable cause determination within 48 hours, the government bears the burden of demonstrating "the existence of a bona fide emergency or other extraordinary circumstance" that would justify the delay. *Id*. at 57.

In the instant matter, there is no dispute that Mr. Massengale was detained without a probable cause determination for less than three (3) hours, until the Bedford Municipal Court Magistrate reviewed an Affidavit and supporting materials from one of the Solon Police Officer Defendants and found that probable cause existed for the warrantless arrest. As such, there is no *Riverside* violation and no denial of Due Process. *See*, Answer, Probable Cause Determinations, Exhibits A (Doc. 75-1, PageID #: 1122) and B (Doc. 75-2, PageID #: 1124) .

In the similar case of *Bolden v. City of Euclid*, 2013 U.S. Dist. LEXIS 156997, 2013 WL 5935614 (N.D. Ohio) (Gaughan, J.), the Court addressed one of these typical post-arrest legal challenges.  Due to the existence of probable cause, the Court dismissed plaintiff's shot-gun, cover-the-waterfront claims of §1983 and equal protection violations, unlawful search and seizure, due process, excessive force, state law claims of false arrest and imprisonment, assault, and intentional infliction of emotion distress.  Based upon the aforementioned binding and persuasive legal authorities, Plaintiffs' §1983 claims here are barred as a matter of law.

### III.  CONCLUSION

For all of the foregoing reasons, the Solon Police Officer Defendants urge the Court, in the strongest terms possible, to grant their Motion for Judgment on the Pleadings and to dismiss all claims against them.  *See*, *Doe v. Foster*, 2019 U.S. Dist. LEXIS 214190, 2019 WL 6770094 (N.D. Ohio) (Lioi, J.) (granting Defendants' Motion for Judgment on the Pleadings in excessive force/constitutional rights/malicious prosecution case because plaintiffs failed to nudge their claims across the line from conceivable to plausible, as required by *Twombly*).

Respectfully submitted,

NICOLA, GUDBRANSON & COOPER, LLC

/s/ Matthew T. Fitzsimmons
Matthew T. Fitzsimmons (0013404)
Michael E. Cicero (0058610)
R. Christopher Yingling (0066551)
Terminal Tower, Suite 2900
50 Public Square
Cleveland, Ohio 44113
Phone: (216) 621-7227
Fax:    (216) 621-3999
Email: fitzsimmons@nicola.com
           cicero@nicola.com
           yingling@nicola.com

Attorneys for the Solon Police Officer Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2025 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy was also served by electronic mail upon the following:

Clint J. Massengale, Sr.
Email: CCR.iustitia@gmail.com
Pro Se Plaintiff

/s/ Matthew T. Fitzsimmons
Matthew T. Fitzsimmons (0013404)

One of the Attorneys for the Solon Police Officer Defendants