UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

## MINUTES OF PROCEEDINGS AND ORDER

CLINT J. MASSENGALE, SR.,
*individually and on behalf of minor
children JM, JM, JS, and CM,*

        Plaintiff,

    vs.

PATRICK J. PERHACS, *et al.,*

        Defendants.

CASE NO. 1:24-cv-1793

DISTRICT JUDGE
J. PHILIP CALABRESE

MAGISTRATE JUDGE
JAMES E. GRIMES JR.

PROCEEDINGS:

On November 6, 2025, the Court held a conference to address Plaintiff's motion to compel, construed as a notice of discovery dispute. *See* Doc. 150. Present at the conference were pro se Plaintiff Clint J. Massengale, Sr., and counsel for the Defendants, Matthew T. Fitzsimmons.

The Court noted that, between the time that Massengale filed his motion to compel and yesterday's conference, Massengale filed a different motion requesting a protective order. *See* Doc. 151. Given the frequency of filings to date and in the interest of judicial economy the Court addressed both motions in yesterday's conference. And, since it related to Defendants' response to Massengale's motion to compel, the Court addressed Defendants' assertions made in  briefing, which

suggested that Massengale had not complied with his own discovery obligations. *See* Doc. 152, at 3.

Turning first to Massengale's motion for protective order, Doc. 151, the Court identified that the parties' report of planning meeting provided that they would file a protective order by March 15, 2025. *See* Doc. 30, at 4. The parties failed to file a protective order either by their agreed-to deadline or at any time thereafter. Nevertheless, for the reasons explained in more detail below, the Court will enter a protective order in this matter consistent with Appendix L of the Local Rules of Civil Procedure for the Northern District of Ohio. That Order will issue separately. Massengale's motion for protective order is thus GRANTED.

Next, the Court addressed Massengale's motion to compel and Defendants' response. As to Counsel's response, the Court began by noting Defendants' vague assertions regarding Massengale's conduct during the discovery process. *See* Doc. 152, at 3. The Defendants' response to Massengale's motion to compel is not the first instance where Defendants' Counsel seem to allude to concerns without asking the Court to take any action or without any declaration or evidentiary support. This practice has left the Court to wonder what is or is not at issue and, more importantly, why Defendants mention these concerns.[1]

---

[1]    As an aside, and as mentioned to both parties during the hearing, the Court is not a place for the parties to generally air their grievances regarding unsupported and unrelated perceived issues. If the parties would like to present something relevant to this litigation and about which the Court can act, they must file a motion.

Related to both Defendants' response and Massengale's motions and the ongoing contentious discovery in this matter, the Court on its own initiative inquired into its order reflected in minutes issued on October 10, 2025. In that Order, the Court directed Massengale to complete several tasks by various deadlines. *See generally* Doc. 146. Though there was some debate, the general consensus of the parties was that Massengale largely complied with the Court's Order.

That said, Defendants' Counsel disputed whether Massengale has fully complied with the production of certain 2022 tax information. Notably, Defendants' Counsel has not filed any motion with the Court challenging that production, so the Court did not consider the completeness of the production. Still, as to the 2022 tax documents, the parties indicated that Massengale included certain redactions on the basis that those documents contained confidential business information. Those redactions are relevant to Massengale's motion for protective order because, at the time those documents were produced, no protective order governed the exchange of confidential or sensitive information.

Because the Court now enters a protective order, the documents that were previously produced with redactions must be disclosed without redactions. Consistent with this order, Massengale must provide unredacted versions of the responsive documents previously produced to Defendants Counsel **by November 14, 2025**. Any confidential designation applied to the documents re-produced may

3

only be made in compliance with the Court's contemporaneously issued protective order.

This brings the Court to three issues raised in Massengale's motion to compel. For starters, although Massengale did not first obtain leave of Court to file a motion to compel, *see* Doc. 35, at 3, his motion is construed as a notice of discovery dispute. This liberal construction is made given Massengale's pro se status and in an effort to promptly resolve the issues Massengale has brought to the Court's attention. Massengale alleges that Defendants' have failed to produce the following three categories of information in response to various requests for production ("RFP"): (i) all native-format TAC and RMS data with full meta data (as requested in RFPs 51, 52); (ii) all prosecutor-transmission packets and database run reports (as requested in RFPs 71, 73, 74, 78); and (iii) all training and policy materials identified in those requests. Doc. 150, at 2.

Taking up the third category first, Massengale failed to mention this category in his memorandum in support. *See* Doc. 150-1. So this issue is forfeited and there is no clear request for the Court to act.

Next, the first category of information—native-format TAC and RMS data with full meta data—is outside of the scope of the parties ESI agreement. Not for the first time, Massengale takes issue with the Court's finding that the parties have agreed to their own manner of ESI production. To this end, the Court reiterated that the issue of the parties' ESI agreement is long resolved and both this Court and the District Court have found that the parties agreed not to follow

Appendix K. On the record, and without objection from Massengale, Defendants' Counsel recited that the parties' ESI agreement required only that Defendants' Counsel "search our respective clients' databases—emails, and the like ourselves. [And] [t]hat would grab the electronically stored information and the like." Hearing at 10:35:46, Massengale v. Perhacs, No. 1:24-cv-173 (Feb 13, 2025); *see also* Doc. 30, at 3 (parties' joint report of planning meeting).

With regard to the TAC data, RMS logs, and related metadata showing authorship, edits and timing, *see* Doc. 150-1, at 12, Defendants have produced this material to the extent that it fell within the parties ESI agreement. Massengale's own declaration asserts that Defendants produced TAC documentation on September 2, 2025. *See* Doc. 150-13, at 1. To the extent that certain meta data was not produced, Massengale has not shown that this evidence was in Defendants' possession and within the parties' agreed-to ESI protocol. Moreover, Defendants' Counsel and the Director of Information Technology for the City of Solon have provided declarations explaining what has been produced and, to the extent that certain information was not produced, who Massengale can contact to obtain additional documents. *See* Docs. 136–10, 136-11, 136-12.

Because the Defendants have produced the documents responsive to Massengale's RFPs 51 and 52, to the extent required by their agreed-to ESI procedure, Massengale's first dispute is overruled.

Next, Massengale's second dispute pertains to records allegedly sent to the Cuyahoga County Prosecutor's office. Doc. 150-1, at 10. Massengale's declaration

states that "Defendants have not produced the database run report, photographs, or the alleged medical release that were part of the materials referenced in the evidence package they 'sent down' to the Cuyahoga County Prosecutor's Office." Doc. 150-13. But the email that Massengale provided to support his assertion that Defendants failed to produce records that were provided to the prosecutor's office, Doc. 150-9, does not indicate what information was transmitted to the prosecutor.

The Court notes that Defendants' Counsel does not have an obligation to specifically group documents or independently create and provide an index of what or how specific documents were supplied to the prosecutor's office. And Massengale has not provided any support for the idea that Defendants' Counsel had such an obligation. That said, Defendants' Counsel was unable to confirm with certainty whether the documents produced to date included everything that was sent to the prosecutor's office. As a result, the Court orders that **by November 14, 2025,** Defendants' Counsel must either provide a declaration that the entirety of evidence sent to the prosecutor's office has been produced or otherwise disclose what has not already been produced to Massengale.

One final issue arose during yesterday's conference. Near the end of the conference, the Court took a brief recess at Massengale's request to allow Massengale to gather himself. After that brief recess, the Court attempted to resume the conference. The Court was unable to resume the conference, however, because Massengale refused to engage with the Court. Because Massengale was unable to engage with the Court, the Court became concerned about Massengale's

6

wellbeing and personnel were summoned to assist and to attempt to assess Massengale's wellbeing. Massengale continued not to engage with the Court or other personnel and, after an approximately fifteen-minute recess, during which personnel attempted to communicate with Massengale, the Court briefly resumed the conference for the purpose of concluding the hearing.

To summarize, the Court has resolved both Massengale's motion to compel (liberally construed as a notice of discovery dispute) and his motion for protective order. And **by November 14, 2025:**

- Massengale must provide unredacted versions of the documents discussed above; and,

- Defendants' counsel must either provide a declaration that the entirety of evidence sent to the prosecutor's office has been produced or otherwise provide what has not already been produced to Massengale.

IT IS SO ORDERED.

Total Time: 1 hour

Dated: November 7, 2025

 /s/ James E. Grimes Jr.
James E. Grimes Jr.
U.S. Magistrate Judge

7