UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLINT J. MASSENGALE, SR., | ) | Case No. 1:24-cv-01793 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | James E. Grimes, Jr. |
| PATRICK J. PERHACS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Clint J. Massengale filed this action without a lawyer against several police officers he alleges violated, among other things, his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983.  The Court referred this matter to a Magistrate Judge to hear and decide all pretrial matters not dispositive of any party's claim or defense.  (ECF No. 8.)  The parties object to three rulings the Magistrate Judge made:

(1)     The Magistrate Judge denied Plaintiff's motion to strike Defendants' allegedly evasive answers to his second amended complaint and instead determined that certain answers would be treated as admissions.  (ECF No. 95.)  Defendants object to that determination.  (ECF No. 102.)

(2)     The Magistrate Judge denied Plaintiff's motion for leave to seek reconsideration of an order quashing his subpoena.  (ECF No. 121.)  Plaintiff objects to that order.  (ECF No. 129.)

(3)     The Magistrate Judge resolved Plaintiff's motion to compel, which he liberally construed as a notice of discovery dispute. (ECF No. 154.) Plaintiff also objects to that order. (ECF No. 157.)

## ANALYSIS

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court," with certain exceptions not relevant here. Under this statute, a judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Accordingly, an order of a magistrate judge does not receive de novo review, as does a report and recommendation under 28 U.S.C. § 636(b)(1)(B). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Commissioner*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948)).

## I.     Defendants' Objection

Defendants argue that the Magistrate Judge's determination that certain allegations in Plaintiff's second amended complaint were deemed "admitted due to allegedly non-responsive answers" is clearly erroneous because it did not account for "the full text of [their] responses." (ECF No. 102, PageID #1658.)

### I.A.    Defendants' Answer

In Defendants' answer to Plaintiff's second amended complaint, they repeat the same answer or a variation of it several times across multiple pages in response

2

to Plaintiff's allegations of events based on records from his sealed criminal proceeding.  (*See generally* ECF No. 75.)  Specifically, they often answer that Defendants "[a]ver that, if such records were unsealed by a court of competent jurisdiction, the Police Reports, Probable Cause Affidavits, 911 calls, and Police body camera footage would speak for themselves, and otherwise deny the remaining allegations of paragraph [number] of the Complaint."  (*See, e.g.*, *id.*, ¶ 37, PageID #1096.)

Defendants argue that the Magistrate Judge only focused on the first portion of their answers that the documents would speak for themselves and disregarded the second portion that they "otherwise deny the remaining allegations" of the relevant paragraphs.  (ECF No. 102, PageID #1658.)  But there is no indication in the Magistrate Judge's order that he disregarded the latter part of their answers.  The Court has no reason to assume the Magistrate Judge disregarded the complete text of Defendants' answer or its meaning within the context of the record as a whole.

### I.B.  Availability and Knowledge

Defendants are correct that much of what Plaintiff alleges in his second amended complaint is based on transcripts, reports, and records that were (at least, at the time) not in the record.  (*See generally* ECF No. 70.)  Defendants include the police officers who either responded to a 911 call, wrote police reports and affidavits, or gathered the relevant records.  (*Id.*)  These officers have firsthand knowledge of the alleged events.  Moreover, in their answer, Defendants attach two of the probable cause affidavits (ECF No. 75-1; ECF No. 75-2), which they claim in their answer "speak for themselves."  (*See, e.g.*, ECF No. 75, ¶ 37, PageID #1096.)

Defendants argue that they framed their answers based on their "good faith interpretation of a directly on-point Ohio statute and cases," which they acknowledged that "[t]he Court has subsequently denied" in any event.  (ECF No. 102, PageID #1658–59.)  Therefore, they claim that the only thing that they "can legally do is deny such allegations about sealed facts and documents."  (*Id.*, PageID #1659.)  But that is not the answer Defendants gave.

### I.C.    Responses  to Requests for Admission

Defendants attempt to remedy the situation by attaching their responses to Plaintiff's requests for admission, in which they claim to have either "admitted or denied such allegations."  (*Id.*; ECF No. 102-1; ECF No. 102-2; ECF No. 102-3; ECF No. 102-4; ECF No. 102-5; ECF No. 102-6; ECF No. 102-7.)  But this discovery tool serves a different function in litigation than the answer.  They might or might not remedy Defendants' position at the pleading stage.

*     *     *

In response to answers where defendants "simply stat[e] a document 'speaks for itself,'" courts have "required the allegations be deemed admitted or stricken responses and required defendants to re-plead."  *Alcorn v. Parker Hannifin Corp.*, No. 1:13-cv-119, 2013 WL 12121515, at *1 (S.D. Ohio June 27, 2013). The Magistrate Judge, in his discretion, determined that the allegations be deemed admitted, and the Court is aware of no case law or other authorities that foreclose him from doing so.    Indeed,  the Magistrate Judge specifically limited this determination to "[r]esponses in Defendants' answer that a document speaks for itself," which he

concluded "will be deemed as admissions that the document in question reads as Massengale alleges." (ECF No. 95, PageID #1513.)

Therefore, the Court determines that there was no clear error in the Magistrate Judge's determination and **OVERRULES** this objection. (ECF No. 102.)

## II.    Plaintiff's Objections

Plaintiff objects to (1) the Magistrate Judge's denial of Plaintiff's motion for leave to seek reconsideration of an order quashing his subpoena; and (2) the Magistrate Judge's resolution of Plaintiff's motion to compel, which he liberally construed as a notice of a discovery dispute. (ECF No. 129; ECF No. 157.)

### II.A.   Denial of Reconsideration

By way of background, Plaintiff issued a subpoena to a county prosecutor requesting records relating to his sealed case. (ECF No. 38-1.) The Magistrate Judge granted the prosecutor's motion to quash. (ECF No. 45.) Plaintiff objected to that order in a 20-page brief. (ECF No. 49.) The Court struck that objection for failure to comply with the page limits set out in Local Rule 7.1(f) and determined that "the record shows no clear error in the Magistrate Judge's discretionary decision" in any event. (ECF No. 68, PageID #948.) Then, Plaintiff served the prosecutor with another subpoena which was nearly identical in substance to the previous one. (*Compare* ECF No. 38-1 *with* ECF No. 79-1.) The Magistrate Judge again granted the prosecutor's motion to quash, determining that Plaintiff "ha[d] not asked for leave to re-issue the same subpoena that the Court quashed in March" and "did not ask the Court to reconsider its decision." (ECF No. 92, PageID #1486.) Plaintiff moved for leave to seek reconsideration of the Magistrate Judge's initial order quashing his

subpoena.  (ECF No. 104.)  The Magistrate Judge denied that motion.  (ECF No. 121.) Plaintiff objects to the Magistrate Judge's denial of his motion for reconsideration. (ECF No. 129.)

### II.A.1. Proper Avenue

Plaintiff alleges that the Magistrate Judge "expressly stated that the proper course would be to seek leave, reconsideration or appeal" and he claims that he "followed that guidance and moved for reconsideration, only to have the filing rejected" and was "penalized for attempting to follow the very procedure the court identified." (*Id.*, PageID #2207.)  But the Magistrate Judge informed Plaintiff that these were the proper avenues in response to Plaintiff reissuing the "same subpoena" and "[s]imply ignoring the Court's order and trying again," which was "not an appropriate option."  (ECF No. 92, PageID #1486–87.)  The Magistrate Judge merely explained the proper vehicles for Plaintiff to move, such as for reconsideration.  (*Id.*) The Magistrate Judge made no representations as to how he would rule on such a motion.  (*Id.*)

### II.A.2. New Evidence

Next, Plaintiff argues that the Magistrate Judge "[f]ail[ed] to apply the Rule 54(b) framework," which he claims "makes the ruling contrary to law." (ECF No. 129, PageID #2208.)  It is unclear to the Court how the Magistrate Judge failed to apply this framework.  "Rule 54(b) of the Federal Rules of Civil Procedure permits immediate review of certain district court orders prior to the ultimate disposition of a case." *General Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994) (citations omitted).  "The rule is specifically 'designed to facilitate the entry of

6

Case: 1:24-cv-01793-JPC  Doc #: 170  Filed: 12/06/25  7 of 14.  PageID #: 2855

judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action.'" *Id.* (quoting *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986)).  Beyond that, Rule 54(b) just provides that any order disposing of fewer than all claims or parties remaining subject to revision.  The Magistrate Judge explained how Mr. Massengale might going about obtaining a different result.

In any event, Plaintiff claims that he "presented new facts and evidence showing why the subpoena ruling warranted revision," with which the Magistrate Judge allegedly did not engage.  (ECF No. 129, PageID #2208.)  Plaintiff points to the following new facts:  (1) his second amended complaint becoming the operative pleading; (2) evidence reflecting that "fabricated information was conveyed via electronic transmission" by Officer Perhacs to an assistant prosecuting attorney; (3) Plaintiff uncovered "an [allegedly] improperly issued grand jury subpoena"; and (4) the prosecutor's office "continued to oppose two properly served subpoenas while it refused to "disqualify itself or voluntarily withdraw from electronic monitoring" regarding this case.  (ECF No. 104, PageID #1732.)

But the Magistrate Judge, in his discretion, determined that "Massengale ha[d] already had multiple bites at this apple" regarding the issuance of subpoenas to the prosecutor.  (ECF No. 121, PageID #1901.)  None of the allegedly material facts that Plaintiff cites in his reconsideration motion change the fact that he had tried on two separate occasions to serve two subpoenas that were nearly identical in substance.  (*Compare* ECF No. 38-1 *with* ECF No. 79-1.)  Plaintiff makes no explanation either in his reconsideration motion or objection why any of these facts

change the Magistrate Judge's original observation that Plaintiff "could obtain the records by filing an appropriate application with the court of common pleas." (ECF No. 45, PageID #425.)

The Magistrate Judge reiterated this point in his reconsideration order, acknowledging that Plaintiff "can seek unsealing in the relevant state courts," with a "motion . . . apparently pending in Bedford Municipal Court." (ECF No. 121, PageID #1901.)  Contrary to Plaintiff's assertion, the municipal court proceedings are directly relevant to Plaintiff acquiring records in his case.

### II.A.3. Reasoning

Finally, Plaintiff alleges that "the denial and the order offers no clear basis for denial on the reconsideration." (ECF No. 129, PageID #2209.)  To the contrary, the Magistrate Judge's order specifically explained that (1) "Massengale ha[d] already had multiple bites at this apple" regarding the issuance of the subpoena, (2) there was not a "good basis to re-plow this ground," and (3) "Massengale [was] not without recourse" regarding a motion to unseal before the municipal court and two mandamus actions before the Ohio Supreme Court.  (ECF No. 121, PageID #1901–02.)

\*　　\*　　\*

For these reasons, the Court determines that there was no clear error in the Magistrate Judge's denial of Plaintiff's motion for reconsideration.  Accordingly, the Court **OVERRULES** this objection.  (ECF No. 129.)

### II.B.  Discovery Dispute

Plaintiff filed a motion to compel discovery without first seeking leave to do so, which the Magistrate Judge liberally construed as a notice of discovery dispute "given

8

Massengale's *pro se* status and in an effort to promptly resolve the issues Massengale has brought to the Court's attention." (ECF No. 154, PageID #2668.)  Plaintiff had requested that the Magistrate Judge compel Defendants to produce certain responsive documents to Plaintiff's requests for production, including:  (1) "[a]ll native-format TAC and RMS data with full metadata"; (2) "[a]ll prosecutor-transmission packets and database run reports"; and (3) "[a]ll training and policy materials identified in those requests." (ECF No. 150, PageID #2453.)

In reviewing these requests, the Magistrate Judge observed that Plaintiff failed to make a clear request for the third category (*see generally* ECF No. 150-1); therefore, he forfeited the issue because there was "no clear request for the Court to act." (ECF No. 154, PageID #2668.)  Next, the Magistrate Judge determined that the first requested category was outside the scope of the parties' agreement for the discovery of electronically stored information, reiterated that both the Magistrate Judge and the Court had determined that the parties agreed not to follow Appendix K (the Northern District's standard ESI protocol), and determined that Defendants produced the material to the extent that it fell within the parties' agreement.  (*Id.*, PageID #2668–69.)  Finally, regarding the second category, the Magistrate Judge ordered defense counsel to "either provide a declaration that the entirety of evidence sent to the prosecutor's office has been produced or otherwise disclose what has not already been produced to Massengale" by November 14, 2025.  (ECF No. 154, PageID #2670.)

9

Plaintiff objects to the Magistrate Judge's order, claiming that it "is clearly erroneous and contrary to law because it rests on a nonexistent 'ESI agreement,' ignores Defendants' waiver of objections through untimely responses, and fails to address the discovery issues raised by [Plaintiff] as the moving party." (ECF No. 157, PageID #2689.)

### II.B.1. ESI Agreement

Plaintiff argues that the parties have no agreement for the discovery of electronically stored information because there is no written or oral stipulation to that effect, no document indicating that Plaintiff agreed to anything other than Appendix K, and only a "vague reference to the parties having agreed to a method for conducting ESI" in the case management plan. (*Id.*, PageID #2690.)  Further, Plaintiff contends that the Magistrate Judge's determination "effectively deprives [Plaintiff] of evidence [Plaintiff] need[s] to litigate the core theory of [his] case" and that there "is no alternative way to obtain this information." (*Id.*, PageID #2690–91.)

Plaintiff raised these same arguments or similar versions of them before the Magistrate Judge and the Court on numerous occasions.  The Magistrate Judge addressed this issue before, determining that "(1) the parties, including Massengale, represented to the Court that they have an agreement about discovery of electronically stored information, (2) Defendants' counsel recited the agreement to the Court, (3) Massengale didn't object or add to counsel's recitation, and (4) Defendants' counsel then explained the agreement again in emails to Massengale." (ECF No. 43, PageID #411.)

10

So too has the Court. In addressing a previous objection, the Court acknowledged that, "[w]hether Plaintiff consented to the protocol for review and production of electronically stored information or not . . . the Magistrate Judge recognized that Plaintiff did not object to this agreement when the parties presented it to him," and "[i]t was not error for a court to treat silence as the waiver of objection, especially in the face of other indication that the parties had an agreement," such as their correspondence. (ECF No. 68, PageID #947.) The Court will not address the same argument again.

Moreover, the parties' Rule 26(f) Report does not include a "vague reference" that the parties agreed to a method for conducting discovery of electronically stored information. (ECF No. 30, PageID #246.) In conspicuous terms, the report, like every other standard report used by parties, provides options to indicate what the parties had agreed to. (*Id.*) The parties did not check the box indicating that they had agreed to follow Appendix K. (*Id.*) Rather, they indicated that they "ha[d] agreed to a method for conducting discovery of ESI." (*Id.*) Plaintiff's signature is on this document. (*Id.*, PageID #247.) He was not forced to agree to this method.

Further, Plaintiff's claim that the Magistrate Judge has deprived him of evidence without an alternative way to obtain that information lacks merit. (ECF No. 157, PageID #2690–91.) In his order, the Magistrate Judge acknowledged that defense counsel and the Director of Information Technology for the City of Solon provided declarations which explained "what has been produced, and to the extent that certain information was produced, who Massengale can contact to obtain

11

additional documents." (ECF No. 150, PageID #2669; ECF No. 136-10; ECF No. 136-11; ECF No. 136-12.) Indeed, the IT director included multiple names and contact information in his declarations regarding who Plaintiff could contact for certain requested information. (ECF No. 136-11; ECF No. 136-12.) In addition, the Magistrate Judge ordered defense counsel to provide declarations regarding the production of evidence sent to the prosecutor's office (ECF No. 154, PageID #2670), and Defendants complied (ECF No. 158), despite Plaintiff's latest issue with that filing (ECF No. 161). The Magistrate Judge has since ordered Defendants to produce a declaration providing further clarity regarding what documents they sent to the prosecutor's office. (ECF No. 164.) The Magistrate Judge has not deprived Plaintiff the evidence that he requests or the opportunity to discover it.

### II.B.2. Forfeited Objections

Next, Plaintiff contends that the Magistrate Judge "permitted Defendants to rely on objections they had forfeited" after Defendants "served no responses, no objections, and requested no extension" to Plaintiff's second set of requests for production. (ECF No. 157, PageID #2692.) Defendants contend that they timely responded. (ECF No. 160, PageID #2727–28; ECF No. 160-1, ¶ 2, PageID #2732; ECF No. 160-2.)

In any event, there is no indication in the Magistrate Judge's order that he permitted—or even acknowledged—any objections from Defendants. (*See generally* ECF No. 154.) As the order makes clear, "the Court held a conference to address Plaintiff's motion to compel, construed as a discovery dispute," as well as Plaintiff's

12

motion for a protective order.  (*Id.*, PageID #2665.)  The Magistrate Judge addressed Plaintiff's motions and Defendants' responses.  Nothing more.

### II.B.3. Discovery Compliance

Finally, Plaintiff argues that the Magistrate Judge began the hearing by "questioning [Plaintiff's] discovery compliance, even though that issue was not properly before the Court" because it was raised in Defendants' response brief.  (ECF No. 157, PageID #2692.)  But the Magistrate Judge stated in his order that, because Plaintiff's motion for a protective order "related to Defendants' response to Massengale's motion to compel, the Court addressed Defendants' assertions made in briefing, which suggested that Massengale had not complied with his own discovery obligations."  (ECF No. 154, PageID #2665–66; ECF No. 152, PageID #2655.)  Therefore, the issues were entwined, and it was within the Magistrate Judge's discretion to address any issues relevant to the motions at the conference.

Notably, Plaintiff takes no issue with the Magistrate Judge addressing Plaintiff's motion for a protective order, which Plaintiff filed "between the time that Massengale filed his motion to compel and [the] conference."  (ECF No 154, PageID #2665.)  The Magistrate Judge chose to address that motion too, seemingly without objection, "[g]iven the frequency of filings to date and in the interest of judicial economy."  (*Id.*)  Accordingly, the Court sees no issue with addressing any issues related to Plaintiff's motion to compel or other related discovery disputes at the conference, especially because Plaintiff was present and had the opportunity to argue on his behalf on any issues addressed.

13

\*       \*       \*

For these reasons, the Court determines that there was no clear error in the Magistrate Judge's resolution of Plaintiff's motion to compel discovery, which he liberally construed as a notice of discovery dispute.  Accordingly, the Court **OVERRULES** this objection.  (ECF No. 157.)

## CONCLUSION

For all the foregoing reasons, the Court **OVERRULES** Defendants' objection (ECF No. 102) and Plaintiff's objections (ECF No. 129; ECF No. 157).

**SO ORDERED.**

Dated:  December 6, 2025

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio